UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ESTA DELANEY ET AL. | CIVIL ACTION |
| VERSUS | No. 10-1 |
| UNION PACIFIC RAILROAD | SECTION I/3 |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed on behalf of third-party defendant, the Consolidated Drainage Districts of the Parish of Jefferson – Drainage District No. 2 ("the Parish"). Defendant and third-party plaintiff, Union Pacific Railroad Company ("Union Pacific"), opposes this motion.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

Plaintiffs, Esta Delaney, et al. ("the Delaneys"), Louisiana residents, filed a complaint against defendant and third-party plaintiff, Union Pacific, a Delaware corporation with its principal place of business in Nebraska.[3] The Delaneys allege that Union Pacific was negligent in failing to adequately design and maintain its drainage ditches resulting in overflow of stormwater that has, and threatens to, flood their property.[4] Under Rule 14 of the Federal Rules of Civil Procedure, Union Pacific filed a third-party complaint against the Parish, a political subdivision of the State of Louisiana, alleging that it is liable for the damages complained of by

---

[1] R. Doc. No. 43.
[2] R. Doc. No. 50.
[3] R. Doc. No. 1. The plaintiffs are citizens of the State of Louisiana and the third-party defendant is a political subdivision of the State of Louisiana. R. Doc. No. 1 at ¶III.(A); R. Doc. No. 43, p.2.
[4] R. Doc. No. 1.

1

the Delaneys.[5] Specifically, Union Pacific alleges that the Parish maintains the drainage ditches, and it therefore liable for the resulting damages.[6] The Parish has filed a motion to dismiss claiming that the addition of the Parish as a defendant prevents the Court from having subject matter jurisdiction over this case.

*LAW AND ANALYSIS*

**I.    STANDARD OF LAW**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. *Id.* The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

**II.   DISCUSSION**

28 U.S.C.§ 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related. . . that they form part of the same case or controversy . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."[7]

---

[5] R. Doc. No. 27.
[6] *Id.* at ¶¶11-15, 21.
[7] 28 U.S.C.§ 1367(b) provides:
    In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
This limitation does not apply in the instant case as plaintiffs have not asserted any claims against the Parish.

2

It is well settled that supplemental jurisdiction exists over a properly brought third-party complaint. CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1444 (3d ed. 2010); *see also Rogers v. Aetna Cas. and Sur. Co.*, 601 F.2d 840, 843 n.4 (5th Cir. 1979) ("[The doctrine of ancillary jurisdiction] recognizes the power of a federal court, once proper subject matter jurisdiction of the main claim has been established, to adjudicate as incident thereto a related claim based wholly upon state law asserted by the defendant against a non-diverse impleaded third-party defendant.").

Federal jurisdiction in the original action between the Delaneys and Union Pacific properly exists by virtue of diversity of citizenship of the parties and the sufficiency of the amount in controversy. 28 U.S.C. § 1332. The only remaining requirement is that the third-party claims brought by Union Pacific form part of the same case or controversy as the original claim brought by the Delaneys. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they derive from a common nucleus of operative fact.").

Union Pacific, in its third-party complaint, contends that the Parish is liable directly to the Delaneys for the alleged monetary damages, including property damage and mental anguish.[8] Specifically, Union Pacific alleges that the Parish is responsible for the administration, direction, coordination, implementation, and maintenance of the drainage ditches that are the subject of the litigation commenced by the Delaneys.[9] Union Pacific also seeks an injunction ordering the Parish to remedy the problems alleged by the Delaneys.[10] Further, Union Pacific seeks a declaration that the Parish is responsible for the increased flow of water, the precise subject of

---

[8] R. Doc. No. 27, p.7-8.
[9] *Id.* at ¶¶11-13.
[10] *Id.* at ¶23.

the underlying litigation between the Delaneys and Union Pacific.[11] The claims alleged by Union Pacific clearly form part of the same case or controversy as those alleged by the Delaneys.[12] Therefore, this Court has supplemental jurisdiction over the claims brought by Union Pacific.

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED.**

New Orleans, Louisiana, September 1, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[11] *Id.* at ¶¶19-21.
[12] In its memorandum in support of motion, the Parish admits that the damages alleged by Union Pacific are the precise damages alleged by the Delaneys. R. Doc. No. 43. Further, the Parish admits that "Union Pacific's claims are not subordinate or ancillary to the principal suit. . ." *Id.*